MICHAEL E. VINDING (SBN 178359)
SCHARFF, BRADY & VINDING
400 Capitol Mall, Suite 2640
Sacramento, CA 95814
Telephone:  (916) 446-3400
Facsimile:   (916) 446-7159
mvinding@scharff.us

Attorneys for Defendant
BALDWIN CONTRACTING COMPANY, INC.

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIZABETH JEAN SIMMONS, as Personal Representative of the Estate of James Edward Simmons; DARWIN H. SIMMONS and NINA R. SIMMONS, individually, and as Trustee of the Simmons Family Trust,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF CHICO; COUNTY OF BUTTE COUNTY; BALDWIN CONTRACTING COMPANY, INC., a California corporation; VIRGINIA DRAKE, individually, and as Trustee of the Drake Revocable Trust,<br><br>Defendants.<br><br>AND RELATED CROSS-ACTION. | CASE NO. 2:07-CV-01129-JAM-GGH<br><br>**ORDER DETERMINING GOOD FAITH OF SETTLEMENT AND BARRING CONTRIBUTION CLAIMS**<br><br><br><br><br><br>Action Filed:   June 13, 2007<br>Trial Date:     May 16, 2011 |

All parties to the above-entitled action (the "Parties") have reached a final, global settlement of this matter.  After consideration of the Memorandum of Points and Authorities in Support of Stipulated Motion for an Order Determining Good Faith of Settlement and Barring Contribution Claims/Notice of Non Opposition ("Motion") filed by the Parties and the record as a whole, the Court finds that the settlement as embodied in the Settlement Agreement set forth as Exhibit A to the Motion (the "Settlement Agreement") was made in good faith and is fair, reasonable, and consistent with the purposes of the Comprehensive Environmental Response, Compensation, and

PDF created with pdfFactory trial version www.pdffactory.com

Liability Act (CERCLA), 42 U.S.C. § 9601, *et seq.*

The matter having been briefed, argued, and submitted for decision, and good cause appearing,

IT IS HEREBY ORDERED that the Joint Motion is GRANTED.

IT IS FURTHER ORDERED that:

1. The Settlement Agreement is hereby approved as a good faith settlement.

2. Section 6 of the Uniform Comparative Fault Act, 12 U.L.A. 147 (1996), in pertinent part, is hereby adopted as the federal common law in this case for the purposes of determining the legal effect of the Settlement Agreement.

3. The Court further finds and determines that the Settlement Agreement has been entered into in good faith within the meaning of Sections 877 and 877.6 of the California Code of Civil Procedure.

4. Pursuant to Section 6 of UCFA and Section 877.6 of the Code of Civil Procedure, any and all claims for contribution or indemnity against the Parties arising out of the facts alleged in the operative complaint filed by plaintiffs and the cross-complaint filed by defendant Drake and as further identified and provided for in the Settlement Agreement, the terms of which are incorporated herein, regardless of when such claims asserted or by whom, are barred. Such claims are barred regardless of whether they are brought pursuant to CERCLA (42 U.S.C. § 9601, *et seq.*), or pursuant to any other federal or state law.

5. Pursuant to *City of Emeryville v. Sherwin Williams Co.*, 621 F.3d 1251 (9th Cir. 2010) ("*Sherwin Williams*"), all known interested parties, as set forth in the proof of service, have been provided with notice of the motion, motion and points and authorities, notice of non-opposition, and the proposed order. The purpose of service was to extinguish contribution claims pursuant to CERCLA § 113(f)(2), 42 U.S.C. § 9613(f)(2) against the Parties to this action as would-be "settling PRPs"--*i.e.*, those who have agreed to pay a specific share of clean-up costs at a designated site, in exchange for protection against contribution claims from the non-settling PRPs and others regarding matters addressed in the settlement as directed by the Ninth Circuit in *Sherwin Williams*. The Court orders that all such contribution claims by those listed on the proof of service

PDF created with pdfFactory trial version www.pdffactory.com

1  are hereby extinguished pursuant to CERCLA § 113(f)(2), 42 U.S.C. § 9613(f)(2).

2    6. All claims, including direct claims, cross-claims, counterclaims, or third party claims
3  asserted by any party to this action are hereby dismissed with prejudice.

5  Dated:  May 4, 2011      /s/ John A. Mendez
                JUDGE, U.S. DISTRICT COURT
6                 EASTERN DISTRICT OF CALIFORNIA

-3-

PDF created with pdfFactory trial version www.pdffactory.com